IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| MARK HAMILTON CONSTRUCTION, INC. § | CASE NO. 06-30121-G3-7 |
| D/B/A CHALLENGE CONSTRUCTION, § | (Chapter 7) |
| § | |
| Debtor. § | |

### TRUSTEE'S APPLICATION TO EMPLOY
### PORTER & HEDGES, L.L.P. AS SPECIAL COUNSEL

To The Honorable Letitia Z. Clark,
United States Bankruptcy Judge:

Robbye Waldron, chapter 7 trustee (the "Trustee") files this Application to Employ Porter & Hedges, L.L.P. ("P&H") as special counsel for the Trustee.

### Application to Employ Porter & Hedges, L.L.P. as Special Counsel

1. The Trustee desires to employ P&H to assist in the prosecution of multiple avoidance actions owned by the estate. The employment of P&H is required at this time to protect and preserve the Estate's interest in these claims. P&H will coordinate its efforts with the Trustee's general counsel and will not seek compensation for intra-firm conferences.

2. P&H maintains offices at 1000 Main Street, 36th Floor, Houston, Texas 77002. P&H's main telephone number is (713) 226-0600. P&H's main fax number is (713) 228-1331.

3. The Trustee has selected P&H because its members have extensive experience in matters relating to commercial litigation and insolvency law. The Trustee believes that P&H can provide the Trustee with the required legal expertise to allow the Trustee to effectively and prudently administer the Estate.

4. The Trustee wishes to designate David R. Jones of P&H as attorney-in-charge. Mr. Jones is admitted to practice before all courts in the Southern District of Texas. The Trustee has selected Mr. Jones because of his substantial experience and specialization in insolvency law

100896

and commercial litigation. Mr. Jones also has expertise in the representation of chapter 7 trustees. The Trustee believes that P&H is well qualified to represent the Trustee.

5. P&H will render professional services including, but not limited to:

    a.) Assisting the Trustee in analyzing claims owned by the estate;

    b.) Prosecuting the estate's claims as directed by the Trustee;

    c.) Conducting appropriate examinations of witnesses, claimants and other parties in interest;

    d.) Preparing appropriate pleadings and other legal instruments required to be filed;

    e.) Representing the Trustee in contested proceedings before the Court, and in any other judicial or administrative proceeding in which the rights of the Estate may be affected;

    f.) Collecting any judgments that might be entered in favor of the estate; and,

    g.) Performing any other legal services which may be appropriate in connection with P&H's role as special counsel to the Trustee.

6. P&H currently represents the Trustee in other cases. In addition, Mr. Jones has represented the Trustee in various matters over the past 15 years. P&H has also previously represented Texas Capital Bank, a creditor in this case, in other matters. Texas Capital Bank has consented to P&H's proposed representation of the Trustee as special counsel. Except for the foregoing, P&H has no other connection with the debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee and is a "disinterested person" within the definition of Section 101(14) of the Bankruptcy Code. *See* Attached Affidavit. Moreover, the employment of P&H is specifically permitted under 11 U.S.C. 327(e).

## Compensation

7.  Subject to Bankruptcy Court approval, the Trustee desires to compensate P&H on an hourly fee basis in accordance with its customary billing practices. P&H has not received any funds from the debtor, the Trustee or any other party in this case. In the attached affidavit, P&H has identified the amount and source of compensation to be paid to P&H for services rendered in connection with the representation of the Trustee in this case. P&H will submit fee applications in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

Accordingly, the Trustee requests the Court (i) to approve the retention of P&H, with David R. Jones designated as attorney-in-charge; and (ii) grant such other relief as is just.

**Dated: November 21, 2007.**

Respectfully submitted,

By: _Robbye Waldron w/permission DRJ_
Robbye Waldron
15150 Middlebrook Drive
Houston, Texas 77058
(281) 488-4438 (office)
(281) 488-4597 (fax)
**Chapter 7 Trustee**

Porter & Hedges, L.L.P.

By: _David R. Jones /ECF_
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-0600
(713) 228-1331 (fax)
**Proposed Attorneys for the Trustee**

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Bankr. R. 2014, this instrument was served by United States first class mail, with proper postage affixed, to the United States Trustee, 515 Rusk Avenue, Suite 3516, Houston, Texas 77002 and by electronic transmission to all registered ECF users appearing in the case on November 21, 2007.

_____
David R. Jones

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| MARK HAMILTON CONSTRUCTION, INC. § | CASE NO. 06-30121-G3-7 |
| D/B/A CHALLENGE CONSTRUCTION, § | (Chapter 7) |
| § | |
| Debtor. § | |

## AFFIDAVIT OF PROPOSED SPECIAL COUNSEL
## PURSUANT TO 11 U.S.C. § 329(a) AND BANKRUPTCY RULES 2014 AND 2016(b)

Porter & Hedges, L.L.P. ("P&H"), proposed counsel for Robbye Waldron, chapter 7 trustee (the "Trustee"), states that to the best of its knowledge, P&H represents no interest adverse to the Estate in the matters upon which this firm has been or is to be engaged by the Trustee; that P&H's employment has been and would be in the best interest of this estate; and that the attorneys in this firm are disinterested persons as defined under 11 U.S.C. § 101(14).

In an overabundance of caution, P&H states that P&H represents the Trustee in other matters. In addition, Mr. Jones has represented the Trustee while a member of other firms for the past 15 years. P&H has also previously represented Texas Capital Bank, a creditor in this case, in other matters. Texas Capital Bank has consented to P&H's proposed representation of the Trustee as special counsel. Except as set forth herein and to the best of its knowledge, P&H has no other connections with the debtor, its creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

Legal representation undertaken by P&H includes (a) assisting the Trustee in analyzing claims owned by the estate; (b) prosecuting the estate's claims as directed by the Trustee; (c) conducting appropriate examinations of witnesses, claimants and other parties in interest; (d) preparing appropriate pleadings and other legal instruments required to be filed; (e) representing the Trustee in contested proceedings before the Court, and in any other judicial or administrative proceeding in which the rights of the Estate may be affected; (f) collecting any judgments that might be entered in favor of the estate; and, (g) performing any other legal services which may be appropriate in connection with P&H's role as special counsel to the Trustee.

Subject to Bankruptcy Court approval, the Trustee has agreed to pay from the Estate to P&H the reasonable hourly fees for such representation and for expenses incurred during the representation. Attached hereto is a schedule of P&H's customary hourly rates.

To date, P&H has not received any funds from the Trustee or from the Estate in connection with this proposed representation of the Trustee in this chapter 7 case. To the extent the reasonable fees and the expenses owing to P&H are approved, the Trustee has agreed to pay P&H such amounts from funds of the Estate, subject to final approval by the Bankruptcy Court.

P&H has not promised, either directly or indirectly to share any compensation with any other persons nor does P&H have any agreement for payment of attorney's fees and expenses other than as stated herein.

**Dated: November 21, 2007.**

**Porter & Hedges, L.L.P.**

By: _____
David R. Jones
State Bar No. 00786001/S.D. Tex. 16082
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

SWORN TO AND SUBSCRIBED BEFORE ME, a notary public in the State of Texas, County of Harris, on this the 21st day of November, 2007 by David R. Jones, to certify which, witness my hand and seal of office.

_____
Notary Public in and for the State of Texas



JOSHUA WALTON WOLFSHOHL
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 19, 2011

## PORTER & HEDGES, L.L.P.
## 2007 Timekeeper Billing Rates

| Timekeeper | Billing Rates |
|---|---|
| David R. Jones | $425 (Reduced Rate) |
| Joshua Wolfshohl | $255 |